LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 007491
**LAW OFFICE OF LISA RASMUSSEN**
601 South 10th Street, Suite 100
Las Vegas, NV 89101
Telephone: (702) 471-1436
Facsimile: (702) 489-6619
Email: Lisa@LRasmussenLaw.com

Attorneys For Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: BK-S-09-32824-RCJ (Lead Case) |
| ASSET RESOLUTION, LLC, | Chapter 7 |
| Debtor. | Jointly Administered with Case Nos.: BK-S-09-32831-RCJ; BK-S-09-32839-RCJ; BK-S-09-32843-RCJ; BK-S-09-32844-RCJ; BK-S-09-32846-RCJ; BK-S-09-32849-RCJ; BK-S-09-32851-RCJ; BK-S-09-32853-RCJ; BK-S-09-32868-RCJ; BK-S-09-32873-RCJ; BK-S-09-32875-RCJ; BK-S-09-32878-RCJ; BK-S-09-32880-RCJ; BK-S-09-32882-RCJ |
| THE B&B DL SETTLEMENT TRUST, by and through its trustee, Michael Coulson, Plaintiff, vs. | |
| McALAN DUNCAN, CROSS FLS, LLC, and THE CLAIMS RECOVERY TRUST, by and through its trustee, William A. Leonard, Jr. Defendants. | Adversary No. **PLAINTIFF'S MOTION TO DEPOSIT FUNDS INTO REGISTRY OF COURT** |

Pursuant to Federal Rules of Bankruptcy Procedure 7022 and 7067 and Local Rule 7067, Plaintiff B&B DL Settlement Trust ("QST"), by and through its trustee Michael Coulson Jr. ("Trustee"), moves for entry of an order authorizing the QST to deposit certain funds held by it into the Court's registry, as follows:

1. Contemporaneously with the filing of this motion, the QST has filed a *Complaint for Interpleader* [Doc. 1] (the "Complaint") commencing the above-captioned adversary proceeding (the "Adversary Proceeding").

**Page 1 of 3**

2. As more fully set forth in the Complaint, the allegations of which are incorporated herein by reference, the QST has in its possession certain funds totaling $997,106.11 (the "Funds"). A dispute exists concerning entitlement to the Funds, as to which the QST is merely a disinterested stakeholder and claims no interest. Accordingly, in furtherance of this interpleader action and in order to satisfy its legal obligations to the various claimants with respect to the Funds, the QST proposes to deposit all of the Funds into the Court registry.

3. Depositing the Funds with this Court will promote the interests of efficiency and judicial economy by avoiding litigation over the Funds in multiple courts, with the possibility of conflicting or inconsistent judgments and violations of the automatic stay.

4. In order to effectuate the relief sought in the Complaint and in accordance with FED. R. BANKR. P. 7022 and 7067 and Local Rule 7067, the QST is required to obtain leave of this Court to deposit the Funds with the Court pending disposition of the Adversary Proceeding. *See* Local Rule 7067-1 (stating that "[n]o money shall be sent to the Court . . . for deposit in the Court's registry without a court order signed by the presiding judge in the case or proceeding.").

5. The QST is ready, willing, and able to deposit the Funds as so directed, and thereby discharge its obligations with respect to the Funds and accounts in which they are maintained.

6. Upon entry of an order in accordance with FED. R. CIV. P. 67(a), the QST will cause the QST to deposit the Funds in the Court registry through one or more checks.

WHEREFORE, the QST respectfully requests entry of an order authorizing the QST to deposit the Funds into the Court registry and granting such other and further relief as this Court deems just and proper.

Dated:    February 27, 2014                    Respectfully submitted,

                    LAW OFFICES OF LISA A. RASMUSSEN
                    601 South Tenth Street, Suite 100
                    Las Vegas, Nevada 89101

By: */s/Lisa A. Rasmussen*
    LISA A. RASMUSSEN, ESQ.
    Bar No. 7491
*Attorneys For Plaintiff*