Timothy S. Cory, Esq.
Nevada Bar No. 001972
**TIMOTHY S. CORY & ASSOCIATES**
8831 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 388-1996
tim.cory@corylaw.us

Michael D. Rawlins, Esq.
Nevada Bar No. 005467
**DURHAM JONES & PINEGAR**
10785 W. Twain Ave., Suite 200
Las Vegas, Nevada 89135
Telephone: (702) 870-6060
tcory@djplaw.com

*Attorneys for McAlan Duncan*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ASSET RESOLUTION, LLC<br><br>                           Debtor, | Case No. BK-S-09-32824-RCJ<br>(Lead Case)<br><br>Chapter 7<br><br>Jointly Administered with Case Nos:<br>BK-S-09-32831-RCJ; BK-S-09-32839-RCJ;<br>BK-S-09-32843-RCJ; BK-S-09-32844-RCJ;<br>BK-S-09-32846-RCJ; BK-S-09-32849-RCJ;<br>BK-S-09-32851-RCJ; BK-S-09-32853-RCJ;<br>BK-S-09-32868-RCJ; BK-S-09-32873-RCJ;<br>BK-S-09-32875-RCJ; BK-S-09-32878-RCJ;<br>BK-S-09-32880-RCJ; BK-S-09-32882-RCJ<br><br>Adversary No. 14-01032-RCJ<br><br>**Answer to Claim for Interpleader/<br>Declaratory Relief** |
| THE B&B DL SETTLEMENT TRUST,<br><br>                           Plaintiff,<br>vs.<br><br>MCALAN DUNCAN.<br><br>                           Defendant. | |
| MCALAN DUNCAN,<br><br>                         CounterClaimant,<br>vs.<br><br>MICHAEL COULSEN in his capacity as<br>Trustee of the B&B DL Settlement Trust<br>("QST"),<br><br>                       Counter Defendant. | |

- 1 -

LV_285000.1

**Procedural Note**

This pleading is filed in response to the Complaint for Interpleader (Doc. 1) filed by Plaintiff, The B&B DL Settlement Trust through its trustee Michael Coulson (the trustee and the trust hereafter referred to as Plaintiff or the "QST"), in light of the Court's ruling in the Order of October 17, 2014 (Doc. 133)(the "Order"). The Order states:

> Duncan and Cross separately argue that the present action is not a proper interpleader action because there are no rival claimants to the funds. The Court agrees there is no interpleader jurisdiction under § 1335(a)1 but will not dismiss, as there is "related to" jurisdiction under § 1334(b), and the parties indicated at oral argument that they wanted the Court to resolve the issue if jurisdiction could be otherwise maintained. The Court will therefore grant the motions to dismiss in part, interpreting the Complaint as one by the Trustee against Duncan, seeking a declaration on behalf of the beneficiaries that Duncan is entitled to none of the Funds.

Accordingly, Duncan will respond to the Complaint in Interpleader as though it were a complaint for declaratory relief by the Trustee of the QST, seeking a declaration on behalf of the beneficiaries of the QST that Duncan is entitled to none of the funds.

**Answer**

McAlan Duncan answers the Complaint for Interpleader as follows:

1. Duncan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 4, 42, 44, 45, 48, and 53, and therefore denies those allegations.

2. Answering paragraphs 2, 10, 14, 16, 17, 18, 20, 22, 24, 25, 26, 27, 28, 30, and 31, Duncan contends the allegations in those paragraphs call for a legal conclusion, and Duncan denies those allegations to the extent they are inconsistent with controlling law.

3. Duncan admits the allegations of paragraph 3, except that he denies that $997,106.11 represents all of the sums due and owing to Duncan from the $4.5 million distribution.

LV_285000.1

4.  Answering paragraph 5, Duncan denies that he has not demanded to be paid his share, and admits he has not waived any claim to those proceeds.

5.  Duncan denies the allegations of paragraphs 6, 7, 9, 19, 21, 43, 46, 50, and 52.

6.  Answering paragraphs 8, and 34, Duncan asserts the October 2012 Order speaks for itself and denies the allegations of those paragraphs to the extent they are inconsistent with that Order or are materially incomplete.

7.  Answering paragraph 35, Duncan asserts the September 2012 Order speaks for itself and denies the allegations of that paragraph to the extent they are inconsistent with that Order or are materially incomplete.

8.  Duncan admits the allegations of paragraphs 11, 13, 29, and 51.

9.  Answering paragraph 12, Duncan admits some of the B&B DL Settling clients are citizens of Texas, and that many of the B&B DL Settling clients are citizens of other states, including states listed in paragraph 12, but Duncan lacks knowledge or information sufficient to form a belief as to the citizenship of all of the B&B DL Settling clients and therefore denies the remaining allegations of paragraph 12.

10. Duncan admits the allegations in paragraph 15 except that Cross did not act as a traditional servicer, and Cross denies the labels "servicer and/or managing agent" are accurate to the extent they are inconsistent with the duties set forth in MAC agreement.

11. Answering paragraph 23, Duncan asserts the September and October 2012 Orders speak for themselves and denies the allegations of that paragraph to the extent they are inconsistent with those orders or are materially incomplete. Duncan also asserts paragraph 23 calls for a legal conclusion and denies the allegations to the extent they are inconsistent with controlling law.

- 3 -

12. Answering paragraph 32, Duncan contends the allegations in the first sentence calls for a legal conclusion, and Duncan denies those allegations to the extent they are inconsistent with controlling law. As to the second sentence, Duncan lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore denies those allegations.

13. Answering paragraph 33, Duncan denies the purpose of the QST is to maximize the value of the settlement. As to the remaining allegations, Duncan asserts the documents referenced in paragraph 33 speak for themselves and denies the allegations of that paragraph to the extent they are inconsistent with those orders or are materially incomplete.

14. Answering paragraph 36, Duncan states the Retention Agreement was between direct lenders and Bickel & Brewer, and Duncan is a third-party beneficiary of that agreement. The remaining allegations of paragraph 36 call for legal conclusions, and Duncan denies those allegations to the extent they are inconsistent with the Court's orders and controlling law.

15. Answering paragraph 37, Duncan admits the Retention Agreement is referred to in paragraph 26 of the September 2012 Order but denies the remaining allegations.

16. Duncan admits that there were multiple Retention Agreements with multiple clients, but otherwise denies the allegations of paragraph 38 as vague.

17. Answering paragraphs 39 and 40, Duncan asserts the Retention Agreement speaks for itself and denies the allegations of those paragraphs to the extent they are inconsistent with that document or are materially incomplete.

18. Answering paragraph 41, Duncan admits the QST recently received $4.5 million from the ARC estate, and denies the remaining allegations in that paragraph as vague.

LV_285000.1

19. Answering paragraph 47, Duncan denies that he has not made a demand to be paid his share of the fees. As to the remaining allegations, Duncan lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

20. Answering paragraph 49, Duncan repeats and realleges his responses to allegations described in that paragraph.

21. Answering paragraph 54, Duncan denies that the relief requested in that paragraph is appropriate and prays that it should not be granted.

22. Except as expressly stated above, Duncan denies each of the allegations in the Complaint for Interpleader.

23. To the extent the Complaint for Interpleader is to be interpreted as a complaint by Plaintiff against Duncan seeking a declaration that Duncan is entitled to none of the funds described in the Complaint for Interpleader, Duncan denies that the Court should make such a declaration, and Duncan asserts he is entitled to the funds in dispute.

### Affirmative Defenses

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. No actual, justiciable controversy is asserted by Plaintiff and thus Plaintiff's claims must be dismissed.

3. The Court lacks jurisdiction under 28 U.S.C. §1335(a).

4. Plaintiff lacks standing to assert that Duncan should not be paid attorneys' fees owed pursuant to the Retention Agreement.

5. Plaintiff is not a real party in interest.

LV_285000.1

6. Plaintiff lacks standing to assert that Duncan should not be paid attorneys fees because of malpractice, fraud, or breach fiduciary duty.

7. Any claims by Plaintiff that could operate as a defense or offset to payment to Duncan under the Retention Agreement are barred by the applicable statutes of limitation, including, but not limited to, any claims based upon fraud, misrepresentation, malpractice, or conflict of interest.

8. Any claim that Duncan should not be paid his fees under the Retention Agreement is barred by the doctrines of estoppel and/or waiver.

9. Any claim that Duncan should not be paid his fees under the Retention Agreement is barred by the doctrine of res judicata.

10. To the extent Plaintiff asserts Duncan should not be paid because of fraud or breach of fiduciary duty, Plaintiff has failed to plead such facts with the requisite particularity.

11. Plaintiff's claims are barred by the doctrine of unclean hands.

12. Any withholding of funds owed to Duncan under the Retention Agreement for the benefit of Plaintiff or its beneficiaries would constitute unjust enrichment.

13. To the extent Plaintiff's claims are based on the actions of Cross, such claims are invalid because, among other things: Cross is an entity independent from Duncan; to the extent any actions of Cross injured any direct lender, Duncan may not be held liable for such actions; Plaintiff has wrongfully withheld the entire amount of Duncan's share of the $4.5 million described in the Complaint for Interpleader, without regard to the alleged damages suffered by those allegedly damaged by the actions of Cross; and the actions of Cross were approved by a majority of the direct lenders, in accordance with the MAC Agreement.

LV_285000.1

14. To the extent the Complaint for Interpleader is to be interpreted as a complaint by Plaintiff against Duncan seeking a declaration that Duncan is entitled to none of the funds described in the Complaint for Interpleader, Duncan is unaware of the particulars of such claim, and therefore cannot plead additional affirmative defenses at this time. Duncan reserves the right to assert additional affirmative defenses and more is learned about the basis for Plaintiff's claims.

WHEREFORE, Duncan prays as follows:

1. That Plaintiff take nothing by way of its complaint;

2. That the Court declare Duncan is entitled to all of the funds held by the QST pending the outcome of this action, or that are lodged with the Court, plus any other funds due Duncan under the Retention Agreement.

3. That the Clerk of the Court be directed to distribute to Duncan any funds lodged with the Court in this action.

4. That Duncan be awarded his attorneys' fees and costs incurred in connection with this action.

5. For such other relief as the Court may deem appropriate.

DATED this 3 day of November, 2014.

/s/ Michael Duncan

Timothy S. Cory, Esq.
Michael D. Rawlins, Esq.
*Attorneys for McAlan Duncan*

- 7 -

LV_285000.1

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Durham Jones & Pinegar and that I caused to be served a true and correct copy of the **Reply Points and Authorities in Support of Motion to Compel Plaintiff and Cross-claimant to Produce Rule 26(a) Disclosures** in the following manner:

[X]    a.    **Electronic Service on dates of filing**

Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced documents were electronically filed and served through the Notice of Electronic Filing automatically generated by that Court's facilities on the dates of filing.

[ ]    b.    **United States Mail**

By depositing a copy of the above-referenced documents for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

[ ]    c.    **Facsimile Transmission**

By facsimile to the facsimile numbers indicated, to those persons listed below, on the date above written. No error was reported by the facsimile machine that I used.

[ ]    d.    **Personal Service**

     [ ]    For a party represented by an attorney, delivery was made by handing the documents to the attorney or by leaving the documents at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the documents in a conspicuous place in the office, on the date written above.

     [ ]    For a party, delivery was made by handing the documents to the party or by leaving the documents at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there, on the date written above.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated this 3rd day of November, 2014.

*/s/ signature*
An employee of Durham Jones & Pinegar