LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 007491
LAW OFFICE OF LISA RASMUSSEN
601 South 10th Street, Suite 100
Las Vegas, NV 89101
Telephone: (702) 471-1436
Facsimile: (702) 489-6619
Email: Lisa@LRasmussenLaw.com

*Attorneys For Plaintiff*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No.: BK-S-09-32824-RCJ (Lead Case) |
| | ) |
| ASSET RESOLUTION, LLC, | ) Chapter 7 |
| | ) |
| Debtor. | ) Jointly Administered with Case Nos.: |
| | ) BK-S-09-32831-RCJ; BK-S-09-32839-RCJ; |
| ———————————————— | ) BK-S-09-32843-RCJ; BK-S-09-32844-RCJ; |
| THE B&B DL SETTLEMENT TRUST, | ) BK-S-09-32846-RCJ; BK-S-09-32849-RCJ; |
| | ) BK-S-09-32851-RCJ; BK-S-09-32853-RCJ; |
| Plaintiff, | ) BK-S-09-32868-RCJ; BK-S-09-32873-RCJ; |
| vs. | ) BK-S-09-32875-RCJ; BK-S-09-32878-RCJ; |
| | ) BK-S-09-32880-RCJ; BK-S-09-32882-RCJ |
| MCALAN DUNCAN, | ) |
| | ) Adversary No. 14-01032 |
| Defendant. | ) |
| | ) **DECLARATION OF FRANCIS B. MAJORIE** |
| | ) |
| ———————————————— | ) |

I, Francis B. Majorie, declare:

1.    I am over the age of majority and competent to testify as to all matters hereinafter set forth, each of which is true and correct and of my own personal knowledge, provided that when so indicated, such testimony is based upon my review of one or more documents and as to such matters I am informed and believe they are true. I have never committed a crime involving moral turpitude.

2.    I am an attorney licensed to practice law in the state of Texas. I am the principal of The Majorie Firm, Ltd. and counsel for the Claims Recovery Trust ("CRT") in this case.

3.      On February 27, 2014, the B&B Settlement Trust ("QST") commenced this interpleader action by filing a complaint naming the CRT, Duncan, and Cross FLS, LLC ("Cross") as defendants-in-interpleader. (ECF No. 1). The parties then filed a series of other pleadings, including third-party complaints, cross-claims, and counterclaims. Seven motions to dismiss the various pleadings. (*See* ECF Nos. 22, 24, 85, 86, 97, 99, 109)

4.      On September 11, 2014, counsel for defendant McAlan Duncan noticed an oral deposition of Bickel & Brewer partner Michael Collins that set a deposition of Mr. Collins for October 6, 2014. (ECF No. 121). The notice was filed despite an agreement among counsel recited in the Joint Report filed as ECF No. 119 that "discovery shall not be undertaken until there is a discovery plan in place" and that the parties would "request the Court's assistance in resolving their dispute. . . ." The deposition of Mr. Collins was then re-noticed twice by Duncan, which I understand was to accommodate Mr. Collin's schedule and the wedding of Ms. Rasmussen, once for October 22, 2014 and then for November 19, 2014.

5.      Starting before the noticed deposition and after the notices were being sent out by Duncan's counsel, I was communicating with the lawyers Bickel & Brewer had retained (first, Amon Burton, and then in November 2014, Pat Neligan) to address the privilege and other issues raised by the deposition, document production, and the possibility that B&B could help resolve the underlying dispute entirely.

6.      On October 9 and 10, 2014, I sent all counsel in the case two emails with a detailed draft order addressing discovery, privilege and confidentiality, and other issues necessary to start discovery.  A duplicate of those emails and the draft order are attached hereto as Exhibits A-C. I spoke with counsel for the plaintiff, Lisa Rasmussen, about the draft order. I never received a response from Duncan's counsel about the emails or the draft.

7.    On December 30, 2014, the Court entered an order ruling on a motion I had filed in November 2014 seeking clarification of an order entered by the Court dismissing the CRT from the case (the "Clarification Order").  Because I had been dropped off the ECF system for this case by the clerk when the CRT was dismissed as a party from the case, I did not receive a copy of the Clarification Order through the ECF and did not in fact learn about the Clarification Order's entry until January 22, 2015. An associate of my firm then reviewed the docket after receiving the email and discovered that the Duncan had also filed a motion for summary judgment on December 24, 2014.  I did not receive a service copy of that motion, even though I was still counsel for the CRT in the case due to the pending motion to clarify I had filed in November 2014.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of February, 2015 at Dallas, Texas.

By:  */s/ Francis B. Majorie*
Francis B. Majorie

# Exhibit A

# Exhibit A

**From:** Frank Majorie
**Sent:** Thursday, October 09, 2014 7:44 PM
**To:** Timothy S. Cory (tim.cory@corylaw.us); Joey Messina; Lisa Rasmussen; Amon Burton
**Cc:** Thomas Annis
**Subject:** QST/CRT/Duncan/Cross et al Protective and Scheduling Order

Counsel:

Attached is a draft Scheduling and Protective Order for your review/comments, etc.

 I am sending this to Amon Burton so that he can also review it, since sections VII through IX impact the Bickel & Brewer deposition and production of documents.   I anticipate sending a document request to B&B in the next few days.

The draft has not been reviewed by my clients and may therefore have additional changes from my end, including the dates for deadlines, the number of depositions, and other matters..


Francis B. Majorie PC
_____

THE   MAJORIE   FIRM
L I M I T E D    P A R T N E R S H I P

3514 Cedar Springs Road    Dallas, Texas 75219    Phone: (214) 522-7400    Fax: (214) 522-7911

CONFIDENTIALITY NOTICE: This e-mail and any attachments may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Also, please see TheMajorieFirm.com for Legal Notices, including IRS Circular 230 Notice.  Thank you for your cooperation.

# Exhibit B

# Exhibit B

1
2
**IT IS SO ORDERED.**

3
**Dated:**_____

4
_____
5
**UNITED STATES DISTRICT COURT JUDGE**

6

7
UNITED STATES BANKRUPTCY COURT
8
DISTRICT OF NEVADA

9
| In re | ) Case No. BK-S-09-32824-RCJ (Lead Case) |
10
| ASSET RESOLUTION, LLC, | ) Chapter 7 |

11
|  Debtor. | ) Jointly Administered with Case Nos.: |
|  | ) BK-S-09-32831-RCJ; BK-S-09-32839-RCJ; |

12
| THE B&B SETTLEMENT TRUST, by and | ) BK-S-09-32843-RCJ; BK-S-09-32844-RCJ; |
| Through its trustee, Michael Coulson, | ) BK-S-09-32846-RCJ; BK-S-09-32849-RCJ; |

13
|  | ) BK-S-09-32851-RCJ; BK-S-09-32853-RCJ; |
|  Plaintiff, | ) BK-S-09-32868-RCJ; BK-S-09-32873-RCJ; |

14
|  v. | ) BK-S-09-32875-RCJ; BK-S-09-32878-RCJ; |
|  | ) BK-S-09-32880-RCJ; BK-S-09-32882-RCJ |

15
| McALAN DUNCAN, et al., | ) |

16
|  Defendants. | ) Adversary No. 14-01032-RCJ |
|  | ) |

17
|  | ) **ORDER ESTABLISHING DISCOVERY** |
|  | ) **PLAN AND PROTECTIONS** |

18

19
The Court has reviewed the Motion For Entry Of An Order Establishing Discovery Plan

20
And Protections filed on October __, 2014 [Dkt Entry. __](the "Discovery Plan Motion") jointly

21
filed by the parties and, finding good cause, the Court hereby ORDERS that: (a) the Motion is

22
granted in all respects; and (b) all parties in this case, their officers, agents, servants, employees,

23
their attorneys, their consultants, and any and all persons or entities in active participation with

24
them shall abide by the terms of this Order.

25

26
//

27

28
1

# I.

## DEFINITIONS

In addition to any terms defines elsewhere in this Order, the following definitions shall apply to this Order:

**1.1** **"Agreement To Be Bound By Confidentiality Order**" means the form attached hereto as Exhibit A, which must be executed and provided to all Parties as an absolute condition to any person or entity other than a Court-Related Person to become a  Permitted Recipient and receive Confidential-Limited Access Information.

**1.2** **"Collateral Proceeding**" means, jointly and severally, any presently-pending or future-pending action, suit, civil, criminal, or bankruptcy case, adversary proceeding, arbitration, appeal, any formal or informal proceeding involving a federal, state, or local  agency, department, bar or board, and/or branch of government, and/or any other proceeding to which FRE 502 applies.  By way of example only and not limitation, "Collateral Proceeding" includes the following proceedings presently pending in this Court: the main case and jointly-administered bankruptcy cases with *In re Asset Resolution, LLC*,   Case No. BK-S-09-32824-RCJ (Lead Case); Adv. No. 13-07071, *Hansen v. Schmidt* (Binford Loan); Adv. No. 13-01196, *The Claims Recovery Trust v. Godines et al.* (Lerin Hills Loan); Adv. No 14-01008, *The Claims Recovery Trust v. Catamount Management, LLC* (Eagle Meadows Loan);  Adv. No 14-01008, *The Claims Recovery Trust v. Catamount Management, LLC* (Fox Hills Loan); Adv. No. 14-01010, *The Claims Recovery Trust v. Homes for America Holdings, Inc.* (HFA Clearlake I Loan); Adv. No. 14-01011, *The Claims Recovery Trust v. Sheppard Mullin Richter & Hampton LLC;* Adv. No. 14-01045, *Leonard et al. v. Fox Hills Fresno Slough, LLC et al.* (Fox Hills Loan); Adv. No. 14-01101, *The Claims Recovery Trust v. Kaan* (Lake Helen Partners Loan);  Adv. No. 14-01102, *The Claims*

2

*Recovery Trust v. Hammond et al.* (Marlton Square II Loan); *San Fernando Lenders, LLC et al. v. Compass USA SPE, LLC, et al.*, Case No. 2:07-cv-00892-RCJ-GWF; and *Adams v. Compass USA SPE, LLC*, Case No. 3:11-cv-00210-RCJ-VPC.

   **1.3**   "**Confidential Information**" means Discovery Materials which jointly or severally: (a) constitute or contain private or sensitive identifying information of persons or entities (including, for example, the names, addresses, social security numbers, financial account numbers, and other information concerning  Direct Lenders); (b) constitute  or contain confidential technical, research, developmental, commercial, business, employment, financial, or other proprietary information or sensitive personal information which is nonpublic or is restricted from disclosure by obligations with a non-party (such as, for example,  a customer, vendor, or contractor); (c) constitute or contain trade secrets; (d) constitute or contain sensitive commercial information which is not publically available or is not publically available in the form or compilation in which it is being produced; (e) constitute or contain confidential technical, developmental, commercial, proprietary, or financial information; and/or (d) constitute or contain attorney-client communications, attorney work product, or are information with is otherwise protected from disclosure  to third parties under any applicable law, rule, or authority.

   **1.4**   "**Confidential–Limited  Access  Information**" or "**CLAI**" means Discovery Materials which comprise or contain in whole or in part Confidential Information which the Producer or a Party reasonably believes is of such a particularly sensitive nature and/or character that unlimited disclosure thereof to others would be harmful to the Producer, a Party, the Direct Lenders, or  a non-party (such as a customer, vendor, or contractor) or their respective businesses and/or would provide a competitive or other advantage to a non-Party if the Confidential

3

Information were obtained by a person or entity with adverse economic, legal, or other interests to the Producer, Party, Direct Lenders, or other non-party.

**1.5** "**Court-Related Recipient(s)**" means, jointly and severally: the Court and Judges of this Court; any Appeals Court and Judges of such Appeals Court;  the jury and alternate jurors empanelled by the Court in this action, if any; Court-appointed special masters; Court-appointed independent experts; Court appointed mediator(s) or arbitrators; employees of the Court; court reporters who transcribe depositions, hearings, or trial testimony in the Litigation or in Collateral Litigation;  videographers who videotape depositions in the Litigation or Collateral Litigation; and other persons  or entities as ordered by the Court.   This Order is binding on Court-Related Persons to the fullest extent of the law, irrespective of whether or not they have executed an Agreement To Be Bound By  Confidentiality Order.

**1.6** "**Designated  Confidential  Material(s)**" means any Discovery Materials which have been designated as "Confidential-Limited Access Information" by either: (a) this Order; or (b) by a Producer or Party pursuant to the terms of this Order.

**1.7** "**Direct Lender(s)**" means, jointly and severally, any person or entity who is the owner or holder of a beneficial "direct lender" interest in a USACM Loan.

**1.8** "**Discovery Material(s)**" means, jointly and severally: (a) testimony provided in depositions, declarations,  affidavits, trial, or other proceedings;  (b) responses to interrogatories; (c)  responses to requests for admissions; (d) documents or ESI produced in response to discovery requests or subpoenae; and (e) all other information in any form produced in connection with a Rule 7026 disclosure and/or discovery under the Federal Rules of Bankruptcy Procedure ("**FRBP**"), the Federal Rules of Civil Procedure ("**FRCP**"), or other applicable law.

//

4

**1.9** "**ESI**" means electronically stored information within the meaning of FRCP 26(b)(2)(B), FRCP 34(b)(ii) and (ii), and any other provisions of the Federal Rules of Civil Procedure.  By way of example, only, "ESI" includes without limitation: (a) emails; (b) videos; (c) recordings (including voicemails); (d) spreadsheets and other "documents" originated or edited through Excel or other similar programs; (e) "documents" originated or edited through Word, Wordperfect, or similar programs; (f) pictures; (g) charts, graphs, and similar presentations (including Powerpoint presentations); and (h) "documents" saved in pdf  format or other similar formats.

**1.10** "**Litigation**" means Adversary No. 14-01032-RCJ presently pending in this Court, as well as any appeals from that proceeding.

**1.11** "**Moving Defendant(s)**" means, jointly and severally: Donna Cangelosi; Robert Leeds; Dean Pearson; Daniel Newman; Carol Kessler; and FL Services, LLC.

**1.2** "**Outside Attorneys**" means, jointly and severally: Lisa A. Rasmussen; Timothy Cory; Theodore J. Messina III; Francis B. Majorie; Thomas Annis; James Hill; Jonathan Dabbieri; and Amon Burton.

**1.13** "**Party**" means a person or entity named as a party in the Litigation, and "**Parties**" means each and every Party, jointly and severally.

**1.14** "**Permitted Recipient(s)**" means, jointly and severally, the following, provided they each sign and exchange with other Parties an Agreement To Be Bound To Confidentiality Order: (a) Outside Attorneys; (b) McAlan Duncan, Donna Cangelosi, Robert Leeds, Dean Pearson, Carol Kessler, Daniel Newman, William A. Leonard, Jr., Michael Coulson, Christina Knoles, and Mark Olsen; (c) persons employed or acting as contractors for secretarial, clerical,  or IT  capacities for the Outside Attorneys; (d) vendors providing photocopying, scanning, printing,

stenography, videography, and graphics assistance to Outside Attorneys; (e) Qualified Experts;  (f) secretarial or clerical employees of Qualified Experts who are assisting Qualified Experts; and (g) deponents

**1.15** **"Producer**" means a person or entity which produces Discovery Materials, whether or not that person or entity is a Party.

**1.16** **"Qualified Expert(s)**" means a person retained to act as a consulting or testifying expert, provided the procedure and terms and conditions set forth in section VIII are met.

**1.17** **"Rule 502 Information**" means Discovery Materials which in whole or in part contain Confidential Information which is protected by the attorney-client privilege or the attorney work product protection.

**1.18** **"USACM Loan**" means, jointly and severally, any loan originated or brokered by USA Commercial Mortgage Company or any of its affiliates.

## II.

## <u>FINDINGS AND CONCLUSIONS</u>

**2.1**    FRCP 16(b), which is applicable to this case under FRBP 7016,  authorizes the Court to issue a scheduling order which limits the time to join other parties, amend the pleadings, complete discovery, and file motions and which may include, among other things: modification of the timing of disclosures under  FRCP  26(a) and 26 (e);  modification  of the extent of discovery; provisions for disclosure or discovery of ESI; agreements of the parties for asserting claims of privilege or of protection as trial-preparation material after information is produced; settings for pre-trial conferences and trial; and other appropriate matters.

**2.2**    FRCP 26(c), which is applicable to this case under FRBP 7026, provides that the Court, "may, for good cause, issue an order to protect a party or person from annoyance,

6

embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying the terms . . . for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs."

   **2.3**  FRCP 26(b), which is applicable to this case under FBRP 7026, provides that the Court may limit or alter the scope, methods, and conditions  of discovery, including without limitation the number of depositions and interrogatories, the length of depositions, the number of requests for admissions, and production of ESI.  Under FRCP 26(b)(2)(C), the Court may limit the frequency and extent of discovery if it determines that: (i) "the discovery is cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or (ii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

   **2.4**  Rule 5.02 of the Federal Rules of Evidence ("FRE") applies to Discovery Materials in the Litigation. Under Rule 502(d), the Court may issue an order providing that disclosure of documents, ESI, communications, or information  which is protected by the attorney-client

privilege or work product protection does not waive the privilege or protection. Pursuant to Rule 502(d): (a) the no-waiver effect applies in the Litigation and all other federal and state court proceedings.

**2.5** Discovery Materials are not public components of a civil trial and therefore may be restricted from the public. *Seattle Times Co. v. Rhinehart*, 476 U.S. 20, 33 (1984); *Pintos v. Pacific Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009). SEAL

**2.6** This Order is being entered pursuant to the foregoing rules and authorities, as well as the Court's inherent power to preside over the conduct of cases before the Court.

**2.7** The Court finds that good cause exists for entering the terms, conditions, and provisions of this Order.

**2.8** The Court finds that the Order is intended to and does protect Parties and third persons from: (a) disclosure or misuse of Confidential Information; (b) annoyance, oppression, or harassment; and (c) undue burden and expense.

**2.9** There are several pending cases in which disclosure of Confidential Information to the public or to parties in other pending litigation would irreparably damage the Parties or others (including Direct Lenders), including the list of cases set forth in the definition of Collateral Cases in section 1.1 above.

**2.10** The Court further finds that the provisions of the Order represent a proper and necessary balance of various factors, including: (a) elimination of cumulative or duplicative discovery; (b) allowing for information to be obtained through sources that are more convenient, less burdensome, or less expensive; and (c) measuring the burden or expense of discovery against its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery

8

in resolving the issues; (d) the convenience of the Parties and witnesses; (e) the public interest; and (f) the interests of justice.

**2.11**    The Court further finds that the provisions of this Order concerning Confidential Materials properly provide for the protection of Confidential Information and the public interest in Court proceedings.  *See Kamakana v. City*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

**III.**

**<u>DISCOVERY AND PRE-TRIAL DEADLINES</u>**

**3.1**    **Interpleader Rules**. The Court finds that the Parties have complied with Local Rules 22-1 and 22-2 and that the terms of this Order shall govern pre-trial proceedings in the Litigation upon its entry.

**3.2**    **Trial Setting.**  The case shall be set for trial in or after August, 2015.

**3.3**    **Interim Status Report.**  On July 10, 2015, the Parties shall file an interim status report signed by all counsel and all *pro se* litigants under Local Rule 26-3 stating the time they estimate for trial, providing the Court with three alternative available trial dates, and stating whether, in the opinion of counsel who will try the case, trial will be eliminated or its length affected by substantive motions.

**3.4**    **Certain Defendants Initial Disclosures.**  The deadline(s) for each of the Moving Defendants to  serve initial FRCP 26 disclosures is twenty-one calendar days from the date after entry of the Court's order denying that Moving Defendant's motion to dismiss. If a Moving Defendant's motion to dismiss is granted, that Moving Defendant shall be subject to discovery only as a third party pursuant to all applicable rules and protections.   If a Moving Defendant's motion to dismiss is granted or denied in part and Duncan or Cross serve an amended pleading, the deadline for the Moving Defendant to serve an initial Rule 26 disclosure is twenty-one days

9

from the latter of the following dates: (a) the date on which the Moving Defendant serves an answer; or (b) the date on which the Court rules on any motion to dismiss the amended pleading. Although a Moving Defendant may participate in depositions, no Party may serve any discovery requests on a Moving Defendant which requires the Moving Defendant to produce discovery prior to the service of an initial FRCP 26 disclosure by that Moving Defendant.

**3.5  Discovery Deadline.**    The deadline for completing discovery is June 15, 2015.  This means that all discovery requests must be served so that responses are due no later than May 1, 2015 and all discovery responses must be supplemented at least through June 15, 2015.  These deadlines may be altered by: (a)  agreement of the Parties; or (b) by the Court *sua sponte* or upon good cause shown upon motion.

**3.6    Pleading Amendments/Joinder**. The deadline to file a motion to amend pleadings and the deadline to add parties is February 2, 2015.  These deadlines may be altered by: (a) agreement of the Parties for any date through March  16, 2015; or (b) by the Court *sua sponte* or upon good cause shown upon motion to any date determined appropriate by the Court.

**3.7    Expert Disclosures.**

(a)    The deadline for Parties to make "expert testimony" disclosures under FRCP 26(a)(2) is March 16, 2015, and the deadline for serving rebuttal disclosures is June 15, 2015. Notwithstanding anything to the contrary, the Parties may take the depositions of  witnesses providing expert testimony through July 15, 2015.   These deadlines may be altered: (1)  by agreement of the Parties provided that all disclosures and depositions are conducted  no later than July 15, 2015; or (2)  by the Court *sua sponte* or upon good cause shown upon motion to any date determined appropriate by the Court.

10

(b)     The Parties shall exchange testifying expert witness reports that provide the disclosures required by the Federal Rules.   No Party shall be entitled to discovery of communications between counsel and testifying expert witnesses or to drafts of testifying experts' reports.   There will be no depositions of testifying experts unless an expert's report is incomprehensible or incomplete, in which case the party seeking clarification is required to establish the same by motion filed with the Court.  Notwithstanding anything to the contrary, if a designated testifying expert is also a fact witness, designation of that person as a testifying expert will not prevent a Party from taking that person's deposition as a fact witness.

**3.8     Dispositive Motions.** The deadline to file dispositive motions is May 29, 2015, which may be altered by the Court *sua sponte* or for good cause shown upon motion.  There is no limit on the number of motions for summary judgment which may be filed.

**3.9     Pre-trial Disclosures.**   The deadline to make pre-trial disclosures under FRCP 26(a)(3)(B) is July 15, 2015.

**3.10    Pre-trial Order.** The deadline to file a joint pretrial order is seven days before trial. This is the same date as calendar call.

**3.11    Length Of Trial**. Due to, among other things, the pendency of the various motions to dismiss, the parties are presently unable to estimate the length of trial.   However, the Parties believe that a bench trial could take several weeks.

**3.12    Jury Trial.**  A demand for a jury trial has not been made by any party who has answered (as opposed to filed a motion to dismiss).

**3.13    Local Rules.**  Notwithstanding anything in the FRBP or local rules applicable to adversary proceedings to the contrary, this adversary shall be governed by the Local Rules—Civil Practice applicable to cases pending in the District Court.  Motions for extension of scheduled

11

deadlines under LR 26-4 may be filed seven calendar days before the expired deadline.

**3.14    Discovery Disputes.** As to any discovery dispute, the lead lawyers will try to resolve the disagreement by phone and no one will write letters to the other, including letters attached as pdf's to emails: just e-mails and phone calls. Each side will copy all of its emails to the email group distribution list provided by the other side.

## IV.

## INTERROGATORIES/REQUESTS FOR ADMISSION

**4.1    Admissions.** The deadline for serving responses to Requests for Admission shall be fourteen days, not thirty days.

**4.2    Interrogatories.** If a Party objects to an interrogatory or subpart on the ground that it exceeds the permitted number under FRCP 33(a), the Party shall explain in the objection how the Party has calculated the permitted number and shall respond (including objections) to those interrogatories or subparts which the objecting party contends to fall within the permitted number. The Party must also assert all other objections the Party may have to the interrogatory or subpart which the Party contends to be in excess of the permitted number. The Party may then stand on its objections to the excess questions until the objections are resolved by the Court.

## V.

## DEPOSITIONS

**5.1    Scheduling Depositions.** To the fullest extent practicable, depositions will be set and taken by agreement, with both sides trying to alternate and trying to agree in advance upon available dates for depositions. Counsel for the Parties shall also cooperate with respect to the setting of depositions of several witnesses in similar locations, in order to help keep travel costs to a minimum.

**5.2    Number of Noticed Depositions**.  Notwithstanding any rule to the contrary, each Party shall be entitled to take through service of a notice and/or subpoena depositions of 20 persons or entities as a deponent; cross-notices shall not constitute a notice for the purposes of this provision.  This total may be increased (but not decreased) upon motion by a Party, for good cause shown.  The 20 deponent limit does not apply to: (a) Court-approved or agreed to depositions of testifying experts; (b) FRCP 30(b)(6) depositions; (c) depositions upon written questions (for which there shall be no advance limit); (d) depositions taken to simply receive document productions and/or authenticate documents (for which there shall be no advance limit); and/or (e) depositions taken to determine if there have been any violations of this Order.

**5.3    Collateral Proceeding Depositions**. Notwithstanding anything to the contrary in this Order, if a deposition of a Party is taken in a Collateral Proceeding,  the deposition may be used in the Litigation as if the deposition were taken in the Litigation; however, such deposition taken in the Collateral Proceeding shall not be included in the 20 deponent limit of a Party and such deposition shall not prevent the same Party or another Party from taking another deposition of the same Party deponent or other deponents in the Litigation.

**5.4    Time Limits.**  The time limit for depositions set forth in the first sentence of FRCP 30(d)(2) is amended by this Order.  Each deposition shall take place for as long as necessary to allow each Party to undertake a fair examination of the witness. Unless agreed to by the deponent or their counsel, no deposition shall be conducted on the record in any one day for more than seven hours per day. The preference is for a deposition to take place day-to-day until completed; however, in the event a scheduling problem prevents the deposition from being taken day-to-day, the deposition shall continue to day(s) which are not day-to-day.

13

**5.5   Objections.** At depositions, all objections to relevance, lack of foundation, non-responsiveness, speculation or to the form of the question will be reserved until trial, so there will be no reason for the defending lawyer to say anything other than to advise the client to assert a privilege or to adjourn the deposition because the questioner is improperly harassing the witness. If counsel violate this agreement, any other Party can play and/or read counsel's comments/objections to the fact-finder at trial and at any hearings.

**5.6   Court Reporters.** To the extent feasible, the Parties will use the same court reporter and videographer in a particular geographic area where more than one deposition may take place, who will agree to provide specified services at discounted prices for all Parties for the right to transcribe all depositions. The court reporter shall be responsible for setting forth on the record the time of day each time the deposition starts and stops being on the record.

**5.7   Exhibit Numbers.** All deposition exhibits will be numbered sequentially X-1, X-2, etc., regardless of the identity of the deponent or the side introducing the exhibit. Documents which have already been marked as exhibits in a prior deposition shall use the same exhibit number as in the prior deposition; it shall be sufficient to show the witness a copy of the prior marked exhibit in order to use it in the questioning of the deponent.   The same exhibit numbers used in depositions will be used in pretrial motions and at trial.

**5.8   Copies of Exhibits.** Counsel for a Party asking questions at a deposition shall bring sufficient copies of new (*i.e.,* not already-marked in an earlier deposition) exhibits for: (a) the court reporter/witness; (b) the lawyer defending the deponent (if the deponent is not a Party); and (c) one copy for one lawyer for each Party.

14

**5.9    Designation.** Parties may designate deposition exhibits and all or portions of depositions as "Confidential-Limited Access Information" pursuant to the procedures set forth in section VIII below.

## VI.

## DOCUMENT PRODUCTIONS/ESI

**6.1    Production Numbers.** Documents produced by Parties shall bear consecutive production numbers starting with the following prefixes: (a) QST for B&B DL Settlement Trust; (b) CRT for The Claims Recovery Trust; (c) D for Duncan; (d) C for Cross; (e) DC for Cangelosi; (f) L for Leeds; (g) N for Newman; (h) K for Kessler; (i) F for FLS; (j) DP for Dean Pearson; (k) FL for FL Services, LLC.   The Parties' document requests/subpoenae to third persons and entities shall request that the documents be produced with consecutive production numbers starting with a prefix which would enable the other Parties to track the source of the documents through the production number.

**6.2    PDF Form.** Documents and ESI produced in response to a document request or subpoena  shall  be produced in searchable or readable pdf formats on a rolling basis as soon as the documents and ESI  have been located and numbered; the originals of specified documents will be made available for inspection upon request.  To the extent a Party seeks productions of emails, the requesting Party shall state in its request for production the search words to be used to review for production and it shall be sufficient for the Producer to use such search words to comply with the request.   If, upon review of the production of emails the requesting Party or other Parties determine that additional searches should be made, they may do so upon motion to the Court for good cause shown.    Nothing in this provision or any other provision of this Order is intended to

15

or does limit the Parties' right to object to the production of ESI in its native format or in any other format and/or to otherwise obtain relief pursuant to a motion filed under FRCP 26(b)(2)(B).

**6.3     Preservation of ESI.**   During the pendency of the Litigation, and until further order of the Court, the Parties or any other Producer who is requested through a document request to produce ESI will  maintain all  ESI which would otherwise be Discovery Material in its native format or in a common interchange format, such as Outlook/PST or Concordance, so it can be searched.   If any special software is required to conduct a search in native format and is regularly used by the Producer, it must be made available to the receiving Parties if and when ESI is voluntarily produced or directed to be produced by the Court.     If ESI is produced in its native/searchable format, the Producer shall produce a production numbered file listing of the file names and directory structure of what is on any CDs or DVDs exchanged.  Either side may use an e-mail or an attachment to an e-mail that came from one of these previously produced disks by printing out the entire e-mail (and the attachment if they are using a file that came with an e-mail) and marking it at the deposition or trial, and either side may use application data (which was not an attachment to e-mail–so it's stand-alone on a CD or DVD) as long as the footer on the pages or a cover sheet indicates (1) the CD or DVD from whence it came, (2) the directory or subdirectory where the file was located on the CD or DVD, and (3) the name of the file itself including the file extension.

## VII.

### FRE 502(d) PROTECTIONS/PRIVILEGE LOG

**7.1     FRE 502(d) Order.**   The production or disclosure of Discovery Materials by Producer in this Litigation is governed and protected by FRE 502(d) and the terms of this Order to the fullest and broadest extent authorized by FRE 502(d) and other applicable law.

**7.2    Protection Against Waiver.**  Disclosure or production of Rule 502 Information this Litigation shall not by itself be deemed a waiver of the attorney-client privilege or attorney work product protection for  the purposes of the Litigation or any other Collateral Proceeding as to either: (a) the Confidential Information produced; or (b) the subject matter thereof.   This protection shall apply whether or not the Producer or a Party: (1) has expressly designated the Discovery materials as Rule 502 Information; (2) has or has not made any effort to segregate and not produce Confidential Information which is protected by the attorney-client privilege or the attorney work product protection; and/or (3) has or has not listed such 502 Information on a privilege log under FRCP 26(b)(5)(A).    This protection is, by virtue of entry of this Order, extended to every Party without further action.  This protection may be invoked by any Producer who is not a Party by notice filed with the Court or on the record in a deposition.  This protection shall be in addition to designation and protection of Discovery Materials as Confidential-Limited Access under section VIII below.

**7.3    Snap Back.**  Upon discovery by a Party or Producer that Discovery Materials which it believes constitute or comprise in whole or in part Rule 502 Information and for which the  Party or Producer is asserting an attorney-client privilege, work product protection, or other privilege or exemption, such Party or other Producer shall so inform the other Parties and Producer under FRCP 26(b)(5)(B) and the provisions of FRCP 26(b)(5)(B) shall be followed, except that the information and materials shall not be destroyed.

**7.4    Privilege Log.** In the event a Producer withholds Confidential Information which is otherwise discoverable in response to a discovery request by claiming that the information is privileged or subject to protection, the Producer must comply with FRCP 26(b)(5)(A) within seven calendar days of service of the response to the discovery request.  This deadline may be

17

extended by an additional seven days by agreement between the requesting Party and the Producer or by any amount of time determined to be appropriate  the Court, upon motion.

**7.5**    **Reservation of Rights.** Nothing in this Order prevents a Party, Producer, or third party from obtaining relief under FRE 502(b) or FRCP 26(b)(5)(B) or any other applicable law.

**VIII.**

**CONFIDENTIALITY**

**8.1**    **CLAI Designation Of Discovery Materials Other Than Deposition Or Trial Testimony.**

(a)    Any Party or Producer may from time to time declare in a writing served on counsel to all Parties and the Producer (or the Producer's counsel) that specified Discovery Material is or contains in whole or in part Confidential—Limited Access Information (or CLAI). The Party or Producer shall also impress in bold all capital letters the following on each page of Discovery Material  containing CLAI:

**CONFIDENTIAL-LIMITED ACCESS INFORMATION GOVERNED BY COURT ORDER ENTERED IN UNITED STATES DISTRICT COURT OF NEVADA, ADVERSARY NO. 14-01032-RCJ.**

Documents which bear the foregoing legend shall be deemed designated as CLAI whether or not the documents are declared to be so designated pursuant to the first sentence of section 8.1(a).

(b)    Notwithstanding  section 8.1(a) or any other provision of this Order, in the event Discovery Material is supplied in non-pdf format on a disk, DVD, CD, or other storage medium, affixing the foregoing legend to the disk, DVD, CD, or other storage medium designates all of the information contained therein as CLAI.  If a Party or non-party makes printouts of information from a disk, DVD, CD, or other storage medium so designated, they bear the burden of ensuring

18

that such hard copies themselves bear the legend set forth in section 8.1(a) and a failure to do so shall be a material violation of this Order.

(c)    Any Discovery Material furnished by a Party or a third person Producer during the course of this litigation without a CLAI designation may nevertheless subsequently be designated as CLAI under the terms of this Order by sending written notice to the Parties and Producer by email of the inadvertent failure to designate and the request to thereafter treat such item, document, or information as CLAI.  Upon receipt of such notice, any Party or Permitted Recipient who disclosed such newly-designated CLAI must: (1) immediately all persons and entities to the newly-designated CLAI was provided that the information is now governed by this Order and may not be further disclosed; and (2) within five calendar days of the notice, send an email to the other Parties and the Producer listing by name and contact information each person or entity to whom the newly-designated CLAI was provided prior to the notice and affirming that they have been advised that the information is now governed by this Order and may not be further disclosed.

**8.2    CLAI Designations Of Testimony During Depositions.**   During any deposition, the person who is being deposed or their counsel and/or a Party may designate testimony as Confidential-Limited Access Information by stating on the record at the deposition before, during, or after the testimony is given that the testimony contains Confidential-Limited Access Information and is subject to the provisions of this Order. A Party or non-party who is being deposed whose Confidential-Limited Access Information will be discussed during a deposition has the right to exclude from the deposition room any persons who are not authorized to see or review Confidential-Limited Access Information, but for only that portion of the deposition in which any such information is being discussed. The court reporter shall separately bind such portion and mark the transcript with an appropriate legend.

**8.3    CLAI Designations Of Testimony After Deposition.** In addition to any designation made during a deposition, each Party and deponent  shall have until thirty (30) days after receipt of a certified deposition transcript or copy within which to inform the other Parties to the action of the portions of the transcript (by specific page and line reference) that are to be designated as Confidential- Limited Access Information.  Notwithstanding section 8.1(b) of this Order, the right to make such post-deposition designation shall be waived unless made within the thirty (30) day period.  Prior to such designation or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed Confidential-Limited Access Information.

**8.4    Limitations on Disclosure of CLAI.**

(a)    All Confidential-Limited Access Information produced or disclosed by Parties or non-Parties in response to discovery or disclosure under the FRCP in the course of this Litigation shall be kept confidential and disclosed only to: (a) Court-Related Recipients, under seal as set forth below; and (ii) Permitted Recipients who have signed an Agreement To Be Bound To Confidentiality Order which has been delivered to all Parties and Producers, under the strict terms and conditions of this Order.

(b)    All Discovery Materials comprising or containing CLAI in whole or in part: (1) shall be kept in such a manner as to reasonably ensure that access thereto is limited to the persons properly having access thereto under the terms of this Order; and (2) if filed with the Court, shall be filed under seal in conformity with any local rules or orders of the Court, and shall not be made public except by order of the Court. If any Party wishes to  refer to CLAI in a motion, brief, opposition, reply, or other filing with the Court, portions of the motion, brief, opposition, reply, or other filing referring to such CLAI shall be filed under seal.

20

(c)     If, during the course of any Court hearing or trial in open court, a Party refers to or seeks to introduce a document, material, item, thing, transcript, or information which has been designated as Confidential-Limited Access Information, the Party shall inform the Court and the other Parties as far in advance as reasonably practicable (and which in the case of trial shall be addressed initially in the pre-trial process and again at the trial itself) and shall request that the courtroom be cleared of all persons except Court-Related Recipients and Permitted Persons during the time such document, material, item, thing, transcript, or information is being discussed or utilized.

(d)     It shall be a violation of this Order punishable by contempt and subject to other sanctions and remedies against the person(s) violating the Order if Confidential-Limited Access Information is: (1) improperly disclosed by a Permitted Recipient or a person other than a Permitted Recipient or a Court-Related Recipient; and/or (2) any person or entity other than a Permitted Recipient is given access to such CLAI directly or indirectly, in kind, in terms or in substance, or in any manner or form (such as, by way of example only, viewing, listening  to, observing, is studying such information or compilations, extracts, or summaries thereof).     The Court shall retain jurisdiction over this Order, adjudicating claims of breach, and administering damages and other remedies.

(e)     Nothing in this Order shall bar Outside Attorneys of record with access to CLAI from rendering advice to his, her, or their client with respect to this Litigation and, in the course thereof, relying upon any CLAI, provided counsel does not disclose CLAI to any person who is not a Permitted Recipient.

(f)     Nothing in this Order shall limit any Party or any Producer in the use or disclosure of its, his, or her own Confidential Information.

21

(g)    Notwithstanding anything to the contrary in this Order, this Order does not preclude the CRT or its counsel from disclosing CLAI to the Direct Lender beneficiaries of the CRT, provided that the CLAI being disclosed is comprised of either: (a) Rule 502 Information arising out of or relating to their attorney-client relationship with Bickel & Brewer and/or Duncan and matters, acts, and omissions directly or indirectly relating thereto or arising therefrom; or (b) directly or indirectly relates to one or more of the Direct Lender beneficiaries' relationship with Cross FLS, LLC and matters, acts, and omissions directly or indirectly relating thereto or arising therefrom; or (c) directly or indirectly relates to one or more of the Direct Lender beneficiaries' direct or indirect interest in Collateral Proceedings (including without limitation those involving USACM loans).

**8.5    Qualified Expert Designation To Be Permitted Recipient.** The terms of this section 8.5 shall apply to a person to be a Permitted Recipient as a Qualified Expert for the purposes of receiving disclosure of Confidential-Limited Access Information:

(a)  An outside (*i.e.,* non-employee) expert witness or consultant of a Party may become a Qualified Expert if:

(1)    First: (A) said expert witness or consultant is designated by written notice to the other Parties, which written notice shall include a copy of the expert witness' or consultant's current curriculum vitae and/or resume and a brief description of the expert witness' or consultant's business occupation(s) and affiliation(s) for the four (4) year period preceding the date of the notice; and (B) an Agreement To Be Bound To Confidentiality Order executed by the proposed expert witness or consultant is delivered with the notice to the other Parties; and

22

(2)     Second, all non-designating Parties do not object in writing to the person's designation as a Qualified Expert within five (5) business days of receipt of such notice.

If the non-designating Party(ies) objects to a person's designation as a Qualified Expert, the Parties shall meet and confer in a good faith effort to resolve the objection.  Said meet and confer shall occur within five (5) business days of the date the designating Party receives notice of objection to its designation, unless the Parties stipulate in writing to extend the meet and confer period.  If the meet and confer does not resolve the pending objections to the designation, then the Party objecting to person's designation  as a Qualified Expert must move for a protective order within ten (10) business days of the conclusion of the meet and confer period, unless the Parties stipulate in writing to extend the time within which such a motion might be filed. If the objecting Party fails to file a motion within ten (10) business days of the conclusion of the meet and confer process, the person shall be deemed a "Qualified Expert" under this Order. The burden is on the Party objecting to such disclosure to show that the disclosure would be harmful.

(b)     Until any such objection is resolved by the parties or the Court, the designated person shall be prohibited from having access to Confidential-Limited Access Information of any Party or Producer.

(c)     Designation or establishment of a person as a Qualified Expert shall not prevent a Party from deposing that person as either a fact witness or a testifying expert witness (if so designated by another Party); however, no Qualified Expert may be deposed simply due to that person's designation (unless there is reason to believe that the person has violated the terms of this Order).

23

(d)      Nothing in this Order  bars a Party from objecting at trial or in any proceeding under Article VII of the FRE or other applicable law or rules to some or all of the testimony given by a person designated as a Qualified Expert.

**8.6  Challenges To CLAI Designations.**  The CLAI designation of a Discovery Material by a Party or Producer may be challenged at any time by a Party.  In the event of a challenge, the burden shall be on the Party or Producer who has designated Discovery Material as CLAI to establish good cause for maintenance of confidential protection of the designated information. Challenges to CLAI Designations shall be made through the following steps:

(a)      First, the challenging Party shall identify each item challenged by email to all other Parties and Producer and shall state the basis or bases for asserting that the CLAI designation is improper.

(b)      Second, the designating Party or designating Producer  shall respond by email within ten (10) calendar days of  receipt of the challenging email, unless the Parties and Producer stipulate in writing to extend this period.

(c)      Third, if a dispute regarding a confidentiality designation cannot be resolved by the Parties and Producer within twenty-four calendar days from the date the initial challenging email was  received, the  challenging Party or non-party must file a motion  asking the Court to strike the designation within thirty-four (34) calendar days from the original challenging email, unless the parties stipulate in writing to extend the period for filing such a motion.  Failure to  timely file such a motion  will constitute a waiver of the challenge and the designation shall stand.

(d)      Any and all CLAI designated materials shall remain confidential and subject to the protections in this Order unless and until the Court orders otherwise.

24

**8.7  Duration/Destruction.**  The terms of this  Order shall survive the termination of this Litigation. Within sixty (60) calendar days of termination of this Litigation in its entirety, including appeals (if any), all copies of Confidential-Limited Access Information and abstracts, summaries, excerpts, or compilations thereof, including litigation databases or portions of databases containing either the full text of CLAI or abstracts, summaries, excerpts, or compilations thereof, shall, at the election of the designating Party or   designating Producer either be: (a) destroyed with certification of such destruction provided to counsel for the designating Party or designating Producer; or (b) returned to counsel for the Party or non-party Producer  which produced such CLAI.  Notwithstanding the foregoing, Outside Attorneys of record may keep: (a) one copy of a complete set of pleadings, transcripts, exhibits, and trial exhibits entered into evidence; and (b) attorney work product. This provision shall in no way be construed to require any party to turn over any work product. Original documents and deposition transcripts shall not be destroyed.

## IX.

### BICKEL & BREWER DISCOVERY MATERIALS

All Discovery Materials (including without limitation emails, drafts, memos, and deposition testimony) disclosed by Bickel & Brewer, William A. Brewer III,   John Bickel, Michael Collins, Robert Millimet, and/or any other lawyer who is or was a partner or associate in the law firm of Bickel & Brewer) shall be deemed to constitute Rule 502 Information and Confidential-Limited Access Information, without the need for any designation of such by: (a) Bickel & Brewer  or its lawyers; (b) any Party; or (c) any Direct Lender client of Bickel & Brewer or its lawyers.

//

**IT IS SO STIPULATED:**

**LAW OFFICE OF LISA A. RASMUSSEN**

By: _____
       Lisa A. Rasmussen

Counsel to B&B DL Settlement Trust and its trustee,
Donna Cangelosi, Daniel Newman, Carol Kesler,
FL Services, LLC, and Dean Pearson

**THE MAJORIE FIRM LTD.**

By: _____
       Francis B. Majorie PC

Counsel to The Claims Recovery Trust and its trustee,
Robert Leeds, and Donna Cangelosi

**TIMOTHY S. CORY AND ASSOCIATES**

By: _____
       Timothy S. Cory

Counsel to McAlan Duncan and Cross FLS, LLC

**THE MESSINA LAW FIRM, PC**

By: _____
       Theodore J. Messina III

Counsel to Cross FLS, LLC

**EXHIBIT A**

**AGREEMENT TO BE BOUND BE BOUND
TO CONFIDENTIALITY ORDER**

I, _____ [print or type full name], of _____
_____ [print or type full address], declare under penalty of perjury
that I have read in its entirety and understand the **ORDER ESTABLISHING DISCOVERY
PLAN AND PROTECTIONS (the "Order")** issued by the United States District Court for the
District of Nevada on _____ [date of Order] in the case of *The B&B DL
Settlement Trust v. McAlan Duncan, Cross FLS, LLC, and The Claims Recovery Trust, By and
Through Its Trustee, William A. Leonard, Jr., et al.,* Case No. 14-01032-RCJ.

I agree to comply with and to be bound by all the terms of the Order and I understand and
acknowledge that failure to so comply could expose me to sanctions and punishment in the nature
of contempt, as well as civil liability.

I solemnly promise that I will not disclose in any manner any information or item that is
subject to the Order to any person or entity except in strict compliance with the provisions of the
Order. I understand that I am to retain all copies of any materials that I receive which have been
designated "Confidential-Limited Access Information" or "CLAI") in a manner sufficient to
secure the confidentiality of such materials from all others, including any co-workers, employees,
supervisors, agents, or other acquaintances, except as permitted by the Order. I specifically agree
to maintain such materials in a manner consistent with the Order, and all copies are to remain in
my custody until I have completed my assigned or legal duties, whereupon all copies are to be
returned or destroyed as specified in the Order. I acknowledge that the return or subsequent
destruction of such materials shall not relieve me from any of the continuing obligations imposed
upon me by the Order.

I further agree to submit to the jurisdiction of the United States District Court for the
District of Nevada (Jones, D.J. or the judge then presiding) for the purpose of enforcing the terms
of this Order and any claims arising out of such, even if such enforcement proceedings or claims
occur after termination of the action in which the Order was entered.

Date: _____

City and State where sworn and signed: _____ Printed
Name: _____ Signature: _____

27

# Exhibit C

# Exhibit C

**From:** Frank Majorie
**Sent:** Friday, October 10, 2014 9:43 AM
**To:** Timothy S. Cory (tim.cory@corylaw.us); Joey Messina; Lisa Rasmussen; Amon Burton
**Cc:** Thomas Annis
**Subject:** RE: QST/CRT/Duncan/Cross et al Protective and Scheduling Order

Counsel:

I am writing this as counsel for Robert Leeds.

As a follow up to my email below, please be advised that Mr. Leeds currently has no interest in receiving Confidential Materials relating to the Direct Lenders' relationships with Duncan, Cross, or Bickel & Brewer. Silar and Silar's CRT representatives (including Mr. Leeds) abstained from participating in and disclaimed any interest in the CRT's involvement and recovery in the interpleader and DL Beneficiary client objections/claims. I listed Mr. Leeds in the original draft definition of "Permitted Recipients" because I listed all of the parties in the litigation in that section (and Mr. Leeds was sued by Duncan and Cross). Going forward, the next draft will be edited to provide that Mr. Leeds will not be Permitted Recipient for those materials.

Notwithstanding the foregoing, if Mr. Leeds is not dismissed from the case within the next 30 days (i.e., before the Collins deposition), the matter may need to be revisited. Mr. Leeds persists in his desire not to be involved.

I look forward to receiving your comments to the draft.


Francis B. Majorie PC

Please see www.themajoriefirm.com for Legal Notices, including IRS Circular 230 Notice. Thank you.